[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on September 25, 1987, a total of eleven years. By complaint dated October 29, 1996, the Wife instituted this action claiming a dissolution of marriage, alimony, a lump sum property settlement, an equitable division of the martial debts and assets and other relief as law and equity might provide.
No minor children were born of this marriage. Both parties are age 34 and are in good health.
At the time of the marriage the Husband was earning $22,000.00 per year as an accountant. Today, he has secured a MBA degree, is a certified public accountant and has gross annual earnings of $170,000.00. At the time of the marriage the wife was a hairdresser earning $14,000.00. Thereafter, she held several other positions, ranging from receptionist to floral arranger. While the Husband was pursuing his education, the Wife was pursing an acting, singing and song writing career (lessons for which were paid for by the Husband). Today the Wife is a receptionist at a salon in New York City earning $20,000.00 and continues to pursue her theatrical career.
The parties bought the marital home with the assistance of both their parents. Loans from both parents were repaid. However, the WIFE personally contributed $20,000.00 for the acquisition of the real estate, which she acquired from her parents as an advance on her inheritance. She asks this Court to reimburse this sum to her from the proceeds of the sale of the house. While the Court is mindful of the role the Wife has played in the advancement of the Husband's career, the Court declines to order reimbursement in view of her otherwise limited financial contribution to the marriage.
The Court finds that fault for the dissolution of the marriage falls equally on both parties.
The Court finds residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the Court in the entry of the following orders.
ORDERS
DISSOLUTION OF MARRIAGE
CT Page 13011
The marriage is dissolved on the grounds of irretrievable breakdown.
ALIMONY
The Husband shall pay to the Wife alimony of $750.00 per week for a period of four years from the date of the dissolution. The amount is non-modifiable as to both term and amount unless the Wife dies, remarries, cohabitates as defined by statute or earns a gross annual wage of more than $50,000. 00. The Wife shall provide the Husband with quarterly statements of her income during the four years he is obligated to pay alimony.
MEDICAL INSURANCE
The Husband shall maintain at his sole expense the present medical/dental insurance for the Wife for a period of one year from the date of the dissolution. The Husband shall be responsible for the total cost of such insurance. Thereafter, each party shall maintain their own medical insurance and be responsible for their own medical bills.
LIFE INSURANCE
The Husband shall maintain a $100,00.00 life insurance policy and shall name the Wife as primary beneficiary The Husband shall maintain the policy for as long as he is obligated to pay alimony The Husband shall annually provide the Wife with satisfactory evidence that the policy is in force.
PERSONAL PROPERTY
Based upon the representations of the parties, no order for the distribution of personal property, furniture, and other personal items is entered, other than as set forth below, as the parties have divided all such items previously.
The four exceptions to the above are: (1) the Wife shall retain the engagement ring and wedding ring; (2) the Wife shall immediately transfer title to the Husband and complete all necessary paperwork to accomplish the transfer to him of the Wife's 1993 Mazda Protege automobile and the Husband shall pay the loan balance in connection with said car in full within 90 days of the date of receipt of the paperwork; (3) The Wife shall CT Page 13012 immediately transfer title to the Husband to the 1996 Chevrolet CK-10773 and the Husband shall indemnify and hold the Wife harmless in connection with the loan on said truck; and (4) The Husband shall retain the 1986 Subaru GL H/B.
REAL PROPERTY
The Husband and the Wife are joint owners of property located at 116 Willow Avenue, Stratford. Connecticut. The parties shall have the property appraised by a licensed real estate appraiser. The cost for said appraisal shall be born equally by the parties. The selection of the appraiser shall be mutually agreed to by the parties. The fair market value shall be the amount reported by the appraiser. If the parties cannot agree on the selection of an appraiser then they shall each select their own appraiser and shall each be responsible for the cost of their respective appraiser. The fair market value of the property shall be the amount agreed to by the two appraisers. If the two appraisers are unable to agree, then, the fair market value of the property shall be the average of the two appraised values. In the event that the Husband does not elect to purchase the Wife's interest in said property within the time period set forth below, then the property shall be immediately listed for sale at a listing price no greater than 110% of the appraised value. The parties shall accept the first bona fide offer within 5% of the appraised value. The net proceeds shall be divided equally between the parties. For the purposes herein "net proceeds" means the selling price reduced by the then outstanding principal balance on the mortgage, real estate commission, legal fees and other customary closing costs. Until the property is sold the Husband shall be responsible for the monthly mortgage payments, taxes, insurance and all costs of maintenance. If one or more repairs are necessary to effectuate the closing, and if such repairs are incorporated in the Contract to Sell, the cost of same shall be borne equally by the parties at the time of closing.
The Husband shall have the option of purchasing the Wife's interest in the property. No later than 15 days from the receipt of the appraiser's report, the Husband may deliver in writing to the Wife his intent to exercise his option to purchase the property. The closing must be consummated within 75 days from the date of receipt of the appraiser's report unless the parties agree to a different closing date. The purchase price shall be 50% of the equity in the property. For the purposes herein the "equity in the property" means the appraised value reduced by the CT Page 13013 outstanding principal balance on the mortgage. At the time of the closing the Husband shall secure a full release of the existing mortgage. The Wife shall, at the closing, Quit Claim her interest in the property to the Husband and pay the costs of the Town and State Conveyance tax.
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
DIVISION OF ASSETS
The Husband shall immediately transfer one-half of the present value of his 401K and IRA accounts to the Wife by way of a Qualified Domestic Relations Order. The Husband shall cooperate with the Wife's attorney to obtain the required information to prepare the Order. The Court shall retain jurisdiction for any additional documentation necessary to effectuate the order. The Wife shall retain her IRA.
The Husband shall immediately transfer to the Wife one-half of the Husband's stock accounts, brokerage accounts and cash accounts.
ATTORNEY FEES
The Husband shall be solely responsible for his attorney's fees. The Husband shall, within 90 days, pay to the Wife $10,000.00 towards her attorney fees.
TAX RETURNS
The parties shall file separate tax returns for 1998 and thereather.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
FRANKEL, J.